# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2020

Lyle W. Cayce
Clerk

No. 18-10423

LADONNA DEGAN; RIC TERRONES; JOHN MCGUIRE; REED HIGGINS; MIKE GURLEY; LARRY EDDINGTON; STEVEN MCBRIDE,

> Plaintiffs - Appellants

v.

THE BOARD OF TRUSTEES OF THE DALLAS POLICE AND FIRE PENSION SYSTEM,

> Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC. No. 3:17-CV-1596

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Several retired City of Dallas police officers and firefighters (collectively, "Plaintiffs") sued the Board of Trustees of Dallas Police and Fire Pension System (the "Board") over changes to their pension fund they contend violate the United States and Texas Constitutions. Plaintiffs alleged that limiting their ability to withdraw from their Deferred Retirement Option Plan ("DROP") funds constituted an unlawful taking under the Fifth Amendment of the United States Constitution and violated article XVI,

No. 18-10423

section 66, of the Texas Constitution ("Section 66"), which prohibits reducing or otherwise impairing a person's accrued service retirement benefits.

Concluding that this case involved important and determinative questions of Texas law, we certified two questions to the Supreme Court of Texas regarding Plaintiffs' Texas constitutional claim. *Degan v. Bd. of Trs. of Dall. Police & Fire Pension Sys.*, 766 F. App'x 16, 17 (5th Cir. 2019) (per curiam). Specifically, we asked (1) whether the method of withdrawing DROP funds is a service retirement benefit protected under Section 66, and (2) whether the Board's decision to change the withdrawal method for Plaintiffs' DROP funds violates Section 66. *Id.* at 20. We stayed Plaintiffs' federal claim, concluding that their takings claim depended on how the Supreme Court of Texas answered the certified questions. *Id.* at 17, 20.

The Supreme Court of Texas accepted our certification and recently issued an opinion answering the questions. *Degan v. Bd. of Trs. of Dall. Police & Fire Pension Sys.*, 594 S.W.3d 309 (Tex. 2020). It held that (1) although Plaintiffs' DROP funds are service retirement benefits protected by Section 66, the method of withdrawing DROP funds is not, and (2) the Board's decision to change the withdrawal method of Plaintiffs' DROP accounts did not violate Section 66. *Id.* at 312, 317. We ordered supplemental briefing by the parties on whether any further issues remain to be resolved by this court. The parties agree that these answers dispose of Plaintiffs' state law claim, but they disagree as to the resolution of the remaining federal constitutional claim. Plaintiffs argue that they still have a valid claim, arguing both a per se taking and a regulatory taking.

We hold that Plaintiffs failed to state a takings claim because they do not have a property interest in the method of withdrawing DROP funds, and thus we affirm the district court's dismissal of their takings claim. "The Fifth Amendment . . . provides that 'private property' shall not 'be taken for public

use, without just compensation.'" *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 163–64 (1998) (quoting U.S. CONST. amend. V).  Thus, to allege a takings claim, Plaintiffs must have a property interest in their method of withdrawing DROP funds.  "[T]he existence of a property interest is determined by reference to existing rules or understandings that stem from an independent source such as state law."  *Id.* at 164 (internal quotation marks and citation omitted); *see also Van Houten v. City of Fort Worth*, 827 F.3d 530, 540 (5th Cir. 2016) (holding that "the right to public pension benefits in Texas is subject to legislative power" and "[l]egislative reduction of such benefits therefore cannot be the basis of a . . . takings clause challenge").

Here, Texas law determines whether Plaintiffs have a protected right to their method of withdrawal, and the Supreme Court of Texas has held that Plaintiffs have no such protected right.  *Degan*, 594 S.W.3d at 312, 317. Because Plaintiffs have no property interest in the method of withdrawing DROP funds, they failed to state a takings claim.[1]  *Degan* makes clear that the situation here is not like that of a government occupying a property without compensation.  *See, e.g., Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 322 (2002) (citing *United States v. Gen.*

---

[1] Plaintiffs contend that because they have a property interest in their accrued DROP funds, this property interest extends to having the right to withdraw from them. But Plaintiffs cite no authority for support; to the contrary, merely limiting an individual's access to a property interest does not constitute a taking.  *See Andrus v. Allard*, 444 U.S. 51, 65–66 (1979) (holding that the government's restriction on an individual's ability to dispose of his or her private property did not amount to a taking because the individual retained other rights associated with his or her property); *Matagorda Cty. v. Russell Law*, 19 F.3d 215, 224 (5th Cir. 1994) (holding that the "mere delay in exercising a property right" did not constitute a taking).

No. 18-10423

*Motors Corp.*, 323 U.S. 373 (1945), and *United States v. Petty Motor Co.*, 327 U.S. 372 (1946)).[2]  Thus, there is no per se taking.

Having concluded that this withdrawal is not a per se taking, we briefly address the regulatory taking arguments Plaintiffs make.  "A regulatory restriction on use that does not entirely deprive an owner of property rights may not be a taking under *Penn Central* [*Transportation Co. v. City of New York*, 438 U.S. 104 (1978)]."  *Horne v. Dep't of Agric.*, 135 S. Ct. 2419, 2429 (2015).  *Penn Central* provided three factors: "(1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action."  *Murr v. Wisconsin*, 137 S. Ct. 1933, 1937 (2017).  All factors weigh against the Plaintiffs.

Plaintiffs will continue to receive payments to compensate them for the DROP accounts.  Further, at the time the Plaintiffs chose their method of withdrawal from their DROP accounts, they had only three options: they could withdraw the funds as (A) a single-sum distribution; (B) a monthly annuity based on the member's life; or (C) substantially equal monthly or annual payments designated by the member.  *See* TEX. REV. CIV. STAT. ANN. art. 6243a-1, § 6.14(d)(1)–(3) (2011).  They are now subject to option B, but that does not support the conclusion that their investment-backed expectations were "taken."

As far as governmental action, this is not a traditional takings claim; there is no invasion of real estate or appropriation of physical property.  *See Penn Cent.*, 438 U.S. at 124 (concluding that "[a] 'taking' may more readily be found when the interference with property can be characterized as a physical

---

[2] By contrast, temporary restrictions on what an individual may do with their property—but where the government does not appropriate it—are not subject to the same rule.  *See Tahoe-Sierra Pres. Council*, 535 U.S. at 323–24.

invasion"). Texas and the Board are working to save a pension fund by modifying its mechanics. The goal is to protect the pension fund, including the Plaintiffs' funds. Thus, this factor also weighs against the Plaintiffs. All told, they have not pleaded a regulatory taking.

We AFFIRM the district court's dismissal for failure to state a claim.